IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| RAJ K. MURTHY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 12-1194 |
| | ) | |
| | ) | Magistrate Judge Maureen P. Kelly |
| INDIANA UNIVERSITY OF | ) | |
| PENNSYLVANIA; HELEN KENNEDY, | ) | Re: ECF No. 11 |
| Defendants. | ) | |

## OPINION

**KELLY, Magistrate Judge**

Presently before the Court is a Partial Motion to Dismiss [ECF No. 11], filed on behalf

of Defendant Helen Kennedy ("Kennedy"), seeking to dismiss Counts III, IV and V of

Plaintiff's First Amended Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure

12(b)(6), for failing to state a claim upon which relief may be granted. For the following

reasons, the motion is denied.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Because this matter comes to this Court on a Rule 12(b)(6) Motion to Dismiss, the factual

allegations set forth in Plaintiff's First Amended Complaint are accepted as true. See Oshiver v.

Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994).  In pertinent part, the

First Amended Complaint alleges that Plaintiff Raj K. Murthy ("Plaintiff" or "Murthy") filed this

action pursuant to Title VII, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1983, and the Pennsylvania

Human Relations Act ("PHRA"), 43 P.S. § 951 et seq., to challenge on-going pay inequality that

he contends is based upon race and national origin.  Murthy is of East Asian descent and is

1

employed at Indiana University of Pennsylvania ("IUP") as an "Associate Dean for Systems and

Technology."  He shares this title with Lloyd Onyett, who is Caucasian and who, Murthy alleges,

receives significantly greater compensation based solely upon his race.

Murthy alleges that upon learning of the pay disparity, he brought the matter to the

attention of Defendant Kennedy because, as the IUP Director of Human Resources, Kennedy had

the authority to remedy the discriminatory conduct.  Kennedy, who is sued in her individual

capacity for damages, was responsible for investigating pay discrepancies and was authorized to

recommend that employees receive salary increases based upon the findings of her investigation,

which were routinely adopted by IUP.  [ECF No. 10, ¶¶ 44-48].  Murthy contends that instead of

investigating the matter, Kennedy sent an email to Murthy, claiming that she reviewed the

matter, found no discrepancy and therefore closed Murthy's inquiry. Kennedy also claimed to

have forwarded the results of her investigation to other administrators at IUP along with her

recommendation that Murthy not receive a salary increase.  [ECF No. 10, ¶¶ 60-64].  Based upon

the information provided by his supervisor, Murthy alleges that Defendant Kennedy acted

beyond the proper scope of her employment with IUP in making this decision and

recommendation.  Murthy has since become aware of at least one other instance where a pay

discrepancy exists, allegedly based upon race, and which, apparently, Kennedy failed to remedy.

[ECF No. 10, ¶¶ 69-73]. Murthy contends that Kennedy's conduct in failing to investigate and

remedy the discrimination "amounted to an aiding and abetting of the complained-of

discrimination." [ECF No. 10, ¶ 107].  Because there was no legitimate justification for her

conduct while acting under color of state law, Murthy seeks all damages permitted under 42

U.S.C. § 1983 and the PHRA, including back pay, front pay, damage for emotional pain and

suffering, punitive damages and injunctive and declaratory relief, as well as attorneys' fees.

## II.    STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must read the complaint in the light most favorable to the non-moving party and all well-pleaded, material allegations in the complaint must be taken as true. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d at 1384.  The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397–98 (3d Cir. 2000).

The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In Twombly, the Supreme Court held that it would not require a "heightened fact pleading of specifics," but only "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In 2009, the United States Supreme Court revisited the requirements for surviving a 12(b)(6) motion to dismiss in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Supreme Court made clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [are] not suffic[ient]" to defeat a Rule 12(b)(6) motion to dismiss." Id. at 678.  Only "a complaint that states a plausible claim for relief [will] survive[ ] a motion to dismiss." Id. at 679.   In Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009), the United States Court of Appeals for the Third Circuit  provided a two-part test to determine whether a claim survives a motion to dismiss. "First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as

3

true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'  The plaintiff must show 'the allegations of his or her complaints are plausible. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief.' [This] 'plausibility' determination will be 'a context – specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679.

## III.    DISCUSSION

### A.    Section 1981 Racial Discrimination Claim Against Defendant Kennedy

Kennedy asserts that Count III must be dismissed because the Amended Complaint fails to allege facts supporting an inference that she personally engaged in the discriminatory conduct. Kennedy seeks the dismissal of Murthy's Section 1981 and 1983 claims against her on the basis that "there is no aiding and abetting [discrimination] liability under Section 1981."  [ECF No. 12, p. 4].  Kennedy contends her authority to investigate a pay discrepancy that already existed, and that she did not create, is insufficient to support a Section 1981 claim.  Kennedy infers that liability can only be predicated upon personal involvement in the alleged initial discriminatory conduct, i.e., the decision to pay Murthy less than his Caucasian comparator.  [ECF No. 12, p, 4]. Murthy responds that the facts alleged are sufficient to establish Kennedy's personal involvement and participation in the ongoing pay disparity between himself and his Caucasian co-worker in violation of 42 U.S.C. § 1981.

Section 1981(a) provides that:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To state a claim under § 1981, a plaintiff must show (1) that he is a member of a racial minority; (2) an intent, on the part of the defendant, to discriminate on the basis of race; and (3) discrimination concerning one or more of the activities listed in the statute, which include the right to make and enforce contracts. Brown v. Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001).  Individual defendants maybe held liable under 42 U.S.C. § 1981 if they are personally involved in intentional acts of discrimination. See, e.g., Al-Khazraji v. St. Francis Coll., 784 F.2d 505, 518 (3d Cir.1986) ("If individuals are personally involved in the discrimination against the Appellant, and if they intentionally caused the College to infringe on Appellant's Section 1981 rights, or if they authorized, directed, or participated in the alleged discriminatory conduct, they may be held liable."). See, also, Clinkscales v. Children's Hosp. of Philadelphia, CIV. A. 06-3919, 2007 WL 3355604 (E.D. Pa. Nov. 9, 2007) (citing Johnson v. Res. for Human Dev., Inc., 843 F. Supp. 974, 978 (E.D. Pa.1994)(complaint must allege that discriminatory acts were conducted under the defendant's direction, supervision or control).  Under existing case law, liability is not limited to the initial act of discrimination, but extends to those who authorize or otherwise participate in the alleged discriminatory conduct.

Plaintiff alleges that he is a member of a racial minority and that Defendant Kennedy, while acting as the IUP Human Resources Director, participated in racial discrimination against him with regard to pay disparity by intentionally failing to investigate Murthy's claim; failing to

correct the disparity; distributing an email to Murthy's supervisors explaining that there was no

disparity; and failing to explain the disparity. At this stage of the litigation, to survive a motion to

dismiss, Murthy is only required to put forth allegations that state a plausible claim of

discriminatory treatment. Fowler, 578 F.3d at 211 (citing Wilkerson v. New Media Tech. Charter

Sch., Inc., 522 F.3d 315, 322 (3d Cir. 2008)).[1]  Based upon this Court's review of the First

Amended Complaint, Plaintiff has sufficiently pled a plausible claim upon which relief can be

granted; accordingly, Defendants' Partial Motion to Dismiss Count III is denied.

### B.      PHRA Claims Against Defendant Kennedy

The Partial Motion to Dismiss also seeks the dismissal of Counts IV and V of the First

Amended Complaint, which allege claims against Defendant Kennedy arising under the PHRA.

The PHRA forbids "any person ... to aid, abet, incite, compel, or coerce the doing of any ...

unlawful discriminatory practice ... or to attempt, directly or indirectly, to commit any ...

unlawful discriminatory practice." 43 Pa. Stat. Ann. § 955(e).  An individual may be liable under

Section 955(e) either as a result of his own discriminatory conduct, or for "refusing to take

prompt and remedial action against any discrimination suffered by" an employee. See Dici v.

Pennsylvania, 91 F.3d 542, 552–53 (3d Cir. 1996).  Kennedy argues that Section 955(e) applies

only to supervisory employees and that because Kennedy did not supervise Plaintiff, the aiding

and abetting claim against her should be dismissed.

Courts within this Circuit have distinguished between supervisors and non-supervisory

employees for the purpose of imposing liability under Section 955(e) of the PHRA. Specifically,

liability is imposed only on the former. See, e.g., Dici v. Pennsylvania, 91 F.3d 542, 553 (3d

---

[1] Kennedy's citation to Clinkscales v. Children's Hosp. of Philadelphia, CIV. A. No. 06-3919, 2009 WL 1259104
(May 7, 2009), is inapt insofar as the dismissed claims were patent boiler plate allegations which failed to define
*how* the defendants assisted, directed or participated in the discriminatory conduct.  Murthy's First Amended
Complaint, in contrast, alleges Kennedy's conduct in misrepresenting the existence of a pay disparity and her failure
to correct and investigate the disparity, based upon discriminatory intent.

Cir.1996) (affirming grant of summary judgment as to plaintiff's colleague because plaintiff's colleague, i.e. not her supervisor, was not a proper defendant under PHRA).  However, human resource officials may be within the scope of the PHRA "aiding and abetting" prohibition, given their quasi-supervisory roles and their unique position to remedy discrimination.  See, e.g., Clinkscales v. Children's Hosp. of Phila., No. 06–3919, 2007 WL 3355604 at *4–5 (retaining Section 955(e) claims against human resources officials, i.e. employees with some supervisory responsibilities, who were alleged to have aided and abetted the racial discrimination of a supervisor by failing to stop him).

In this case, Murthy's First Amended Complaint alleges that Defendant Kennedy was the IUP Director of Human Resources and was a supervisory employee, with authority to investigate and remedy alleged discrimination and pay disparities based upon race or other factors, but failed to do so even after Murthy complained to her about the discrepancy. [ECF No. 10, ¶¶ 103-126]. Plaintiff alleges that Kennedy therefore aided and abetted IUP's alleged discriminatory conduct by failing to promptly remedy impermissible racial and national origin discrimination, resulting in the pay disparity at issue.  This is sufficient to state a claim for relief under the PHRA. See, e.g., Clinkscales v. Children's Hosp. of Philadelphia, supra; Thorpe v. Reading Hosp., 2006 WL 3196456 (E.D. Pa. Nov. 1, 2006) (citing Dici, 91 F.3d at 553, and explaining that liability under section 955(e) is permitted where "the plaintiff alleges that the party knew or should have known about the discrimination and refused to take remedial action.").   Given Defendant's challenge to Murthy's characterization of Kennedy as a supervisory employee, Plaintiff will be required to prove this element of his claim; however, at this stage of the litigation, his allegations are sufficient to meet the liberal pleading requirements of Rule 8. Accordingly, Kennedy's Motion to Dismiss Courts IV and V is denied.

**IV.      CONCLUSION**

For the foregoing reasons, the Partial Motion to Dismiss Counts III, IV and V [ECF No. 11] is denied.

## ORDER

AND NOW, this 3rd day of April, 2013, upon consideration of Defendants' Partial Motion to Dismiss [ECF No. 11] and the briefs filed in support and opposition thereto, and for the reasons set forth in the accompanying opinion, Defendant Kennedy's Partial Motion to Dismiss is denied.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.


BY THE COURT,


/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE


cc:      Counsel of Record Via CM-ECF